### 34576.   McKNIGHT *v.* CRAWFORD.

DECIDED MAY 14, 1953.

*Claud R. Caldwell,* for plaintiff in error.

*John F. Hardin,* contra.

SUTTON, C. J.   Mrs. Lessie Crawford filed this trover action against Mason H. McKnight, on July 31, 1952, in the Municipal Court of Augusta, and alleged that the defendant, in July, 1951, had converted to his own use certain described household furniture of the alleged value of $500, to which property the plaintiff has title, and that the plaintiff had made demand upon the defendant for said property, which demand had been refused by the defendant. The plaintiff asked for a money verdict for the value of the property and its hire.

The defendant filed his answer, in which he denied the allegations of the petition and alleged that he and the plaintiff entered into an agreement in writing on June 14, 1951, by which he received the property sued for in this trover action, and he denied the right of the plaintiff to recover.

The plaintiff testified: "The furniture listed in my petition is in a house which belongs to Mr. McKnight and that house is occupied by his tenant, a Mr. Smith. This furniture has been in that house for a long time and was originally placed there by me, and I demanded this furniture from Mr. McKnight on April 1, 1951, and again sometime after June 14, 1951. He refused to deliver it to me. Sometime after April 1, 1951, I talked with Mr. Smith about working out the value of the furniture by having him do certain carpenter work on my house. We never did reach an agreement and he did not do the work. . . The furniture as listed in my petition is worth $500 and has a rental value of $10 per month." Mrs. Crawford further testified as to the value of each item of furniture and the cost price of same, which made the total value of the furniture $655; and she further testified that the paper exhibited to her (a copy of the agreement of June 14, 1951) did not cover or have anything to do with the furniture.

The defendant testified in his own behalf: "I have never had anything to do with the furniture out in that house. Mrs. Crawford placed it there of her own free will, and she could have gotten it at any time she wanted it. I do not claim the furniture now, and I have never claimed this furniture. Mrs. Crawford was at the house when Mr. Smith moved in with his family, and she consented to Mr. Smith using the furniture. I rent the house to Mr. Smith as an unfurnished house, and the house is registered with the Rent Office in Augusta as an unfurnished accommodation. . . Mrs. Crawford has never demanded that I return this furniture to her and every time she has talked to me about the furniture I have told her to go and get it, for I have nothing to do with it." The defendant further testified that the release introduced in evidence did not give him title to the furniture; that he did not claim the furniture under the release; but that he contended the release prevented Mrs. Crawford from filing any claim against him. The defendant admitted that Mrs. Crawford had made demand upon him for the furniture on two or three different occasions, but testified that he had told her to get it.

The agreement entered into between the parties on June 14, 1951, did not refer to or include the property here sued for, and

the defendant testified on the trial that said written agreement did not give him title to the furniture, and that he did not claim it thereunder, but he contended that the agreement prevented the plaintiff from filing any claim against him.

The judge, trying the case without a jury, rendered a judgment for the plaintiff against the defendant for $437. The defendant's motion for new trial on the general grounds was overruled, and the defendant excepted to that judgment.

Under the facts of this case and the law applicable thereto, the judgment in favor of the plaintiff was amply authorized, and the court did not err in overruling the defendant's motion for a new trial.

*Judgment affirmed. Gardner, P. J., Townsend, Worrill, and Carlisle, JJ., concur. Felton, J., dissents.*

FELTON, J., dissenting. In addition to general admissions and denials in his answer, the defendant by further answer alleged: "Count One. 1. That certain property which was the property of the plaintiff herein, was voluntarily placed by her in a certain house belonging to this defendant and there abandoned by the said plaintiff. That from time to time your defendant requested that the said plaintiff take and remove said property from said house, but she failed and refused to do so. 2. That although said property, the exact description of which is unknown to your defendant, has remained in said house since prior to June 14, 1951, and that your defendant has received no profits from the same. 3. That all of said furniture so deposited by the said plaintiff was worn, shoddy and of a value not to exceed twenty-five ($25.00) dollars. Count Two. 1. That on June 14, 1951, said plaintiff and your defendant herein entered into a settlement between themselves which was designed to settle and terminate all differences then existing between the parties hereto. That your defendant executed a deed to said plaintiff conveying to her the house and lot on Wrightsboro Road, in the City of Augusta, Georgia, the said plaintiff releasing to said defendant, all of her right and interest in and to a house and lot in Bayvale Subdivision, Richmond County, Georgia, in which said furniture was stored. As a condition to, and a part of said transfers and the release, said plaintiff unconditionally released your defendant from any and all claims

of every nature which she then had or may in the future have against this defendant for any reason. 2. That any property which the plaintiff herein may have left in said house in Bayvale Subdivision, was covered by said transfer and release, and the said plaintiff no longer has any title or interest in and to any of the furniture as set out and described in her petition."

The agreement referred to in count two of the answer and introduced in evidence is as follows: "This agreement, made and entered into this 14th day of June, 1951, by and between Mason H. McKnight, of Aiken County, South Carolina, as party of the first part, and Mrs. Lessie B. Crawford, of Richmond County, Georgia, as party of the second part: Witnesseth: 1. That the said party of the second part contends that the said first party is indebted to her in the sum of approximately five thousand ($5,000.00) dollars by reason of an alleged agreement concerning the construction and sale of real estate to which joint enterprise said second party contributed a sum in excess of five thousand ($5,000.00) dollars. 2. That in order to settle all the claims of the said second party and to formally terminate any working arrangement between the parties hereto of whatever nature, it is agreed: (a) That the said first party will sell to said second party the house known as 1929 Wrightsboro Road, Augusta, Richmond County, Georgia, for the sum of thirty-five hundred ($3,500.00) dollars in cash; a deed to a house and lot in Bayvale Subdivision, Richmond County, Georgia; a complete release from said second party of any and all claims of every nature which she now has or may have against said first party by reason of the said joint enterprise, or any other reason. 3. The description of the property at 1929 Wrightsboro Road is substantially as follows: . . . The lot with improvements to be conveyed to the first party hereunder by said second party will be as shown on a certain warranty deed which the said second party will attach hereto. The agreed value of this property is three thousand ($3,000.00) dollars. 4. The said first party will convey the Wrightsboro Road lot to the said second party free and clear of all liens and encumbrances. The agreed value of this property is eight thousand ($8,000.00) dollars."

The evidence shows without dispute that the property sued for was never in the possession of the defendant but was in the

possession of a tenant of the defendant. The evidence further shows that there was a contract entered into between the parties in settlement of a dispute about another question between the parties, which provided for "a complete release from said second party of any and all claims of every nature which she now has or may have against said first party by reason of the said joint enterprise, or for any other reason." The plaintiff's claim to the furniture as against the defendant antedated the release and therefore the release covers the present claim, assuming that one existed. The fact that the defendant contended in count two of his answer "that any property which the plaintiff may have left in said house in Bayvale Subdivision, was covered by said transfer and release, and the said plaintiff no longer has any title or interest in and to any of the furniture as set out and described in her petition," did not estop him from contending that he did not claim title to the property sued for. The defendant testified that the release did not give him title to the furniture and that he did not claim the furniture under the release, but contended that the release prevented the plaintiff from filing any claim whatever against him. There was no demurrer to the answer, and the part of the answer set out above will be construed in favor of the defendant, and, construed with the contract of release, simply means that the defendant contended that the plaintiff had no interest in the furniture insofar as a claim against him was concerned. Whatever may be true as to the defendant's claiming title, the release barred the present action.